### CINCINNATI TRAC. CO. v. JOHN SIMON, ADMR.

INACCURATE CHARGE TO JURY ERRONEOUS.

> In an action for damages by an administrator of a child killed by a street railway company against such company, for wrongfully causing the death of a child, an instruction without qualification that "if you find from all the evidence that the motorman who had charge of the car which struck the plaintiff, could, by the exercise of ordinary care, have seen the plaintiff and stopped the car, and that by reason of the failure to stop the car, plaintiff was knocked down and injured, it would be such negligence on the part of the defendant as would enable the plaintiff to recover," is erroneous as the term "plaintiff" was used when the plaintiff was not intended, and it is too broad and inaccurate.

[For other cases in point, see 7 Cyc. Dig., "Street Railways," §§ 599-613.—Ed.]

ERROR to Hamilton common pleas court.

G. H. Warrington, for plaintiff in error.

Theo. Horstman and G. H. Kattenhorn, for defendant in error.

SWING, J.

This was an action in the court of common pleas for damages for the death of Isadore Simon, a child four and a half years, who was run over and killed by one of plaintiff in error's cars. A verdict and judgment was rendered in said court in favor of the plaintiff for the sum of $2,000.

Numerous errors were assigned in this court for the reversal of said judgment. It is urged that the court erred in its charge to the jury. The charge of the court contained this instruction:

"The court says to you if you find from all the evidence that the motorman who had charge of the car which struck the plaintiff could, by the exercise of ordinary care, have seen the plaintiff and stopped the car, and that by reason of the failure to stop the car plaintiff was knocked down and injured, it would be such negligence on the part of the defendant as would enable the plaintiff to recover."

This portion of the charge is certainly inaccurate and misleading on a very vital question in the case. In the first place, the court says that if "the motorman could have seen plaintiff, * * * and that by reason of the failure to stop the car, plaintiff was knocked down and injured." The plaintiff in this action, Jacob Simon, administrator, was not knocked down and injured, but the child, Isadore Simon, was knocked down and injured, and it is on account of his death that Jacob

Traction Co. v. Simon.

Simon, administrator, prosecutes the action. It is probable that the court did not mean the plaintiff, Jacob Simon, but did mean Isadore Simon, the child, and it may be, that the jury understood that when the court used the word, plaintiff, it did not mean the plaintiff in this action, but did mean Isadore Simon, the child, who was injured, and probably these misstatements, standing alone, should not be considered by a reviewing court as necessarily prejudicial, although erroneous. But it seems to us that there is prejudicial error in this portion of the charge, where the court says:

"That the motorman who had charge of the car which struck the plaintiff, could, by the exercise of ordinary care, have seen the plaintiff, and stopped the car, and that by reason of the failure to stop the car, plaintiff was knocked down and injured, it would be such negligence on the part of the defendant as would enable the plaintiff to recover."

When did it become the duty of the motorman to see the child, or if having seen it, when did it become his duty to stop his car? On these important matters the court does not instruct the jury, but does say without any qualifications, that if the motorman could have seen the "plaintiff" and stopped the car.

There was absolutely nothing, as far as the evidence shows, to prevent the motorman from seeing the boy while he was standing on the sidewalk, and there was nothing to prevent the motorman from stopping his car before ever the boy left the sidewalk. This statement is too broad; it is not accurate, and is calculated to be misleading. It may be, that the court did not intend that it be taken in that sense, but it might very well be. It is not the duty of the motorman to stop his car so as to avoid injury to persons who may come in contact with it unless as a man of ordinary prudence has reason to, or should have reason to believe that his failure to stop the car would cause injury.

In this case, it was not the duty of the motorman to stop his car, unless as a man of ordinary care and prudence he had reason to, or should have had reason to apprehend that his failure to do so would cause injury to the child. Necessarily no duty rested on the motorman as to this child until it indicated by its movements that it was about to cross the track; but the court says if the motorman could have seen the "plaintiff" and stopped the car, and that by the failure to stop the car the "plaintiff" was injured, it was negligence. It is evident, we think, that this is not the negligence for which a recovery can be had, and standing without any qualification, was erroneous, and for this reason the judgment is reversed and cause remanded for a new trial.

**Jelke** and **Giffen, JJ.,** concur.