## SIEGEL v
## NATIONAL BOND & INVESTMENT CO et al

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12251. Decided March 13, 1933

Siegel & Siegel, Cleveland for plaintiff.
Pelton & Wilson, Cleveland, for defendant.

McGILL, J.

The law of Ohio is well settled that an injunction will not be granted where the plaintiff has an adequate remedy at law. It is significant to note that the petition filed in the Common Pleas Court in this case for injunction and equitable relief, makes no allegation that plaintiff had no adequate remedy at law.

The rule is stated in 21 **Ohio Jurisprudence, 1208** as follows:

"As a general rule an injunction will not be granted against an action at law where full defense may be made in such action. In certain situations, however, equity will interfere to enjoin legal proceedings. The prosecution of an action at law will be enjoined when by accident, fraud or otherwise, an equitable defense cannot be made thereto, or where it would be against, conscience that the case should proceed therein, or in other cases to prevent a multiplicity of suits or oppressive litigation, but in all of such cases there must be the strongest reason for such course, since, under the code system of pleading and practice in effect in Ohio, equitable defenses may be made in legal actions. * * *

It must appear that the plaintiff has a legal right, that the act of which he complains is wrongful, and that except in a court of equity he would be remediless. An action before a justice of the peace, of which he has no jurisdiction, may be enjoined."

See also **Sloane v Clauss, 64 Oh St 125. Put-in-Bay v Webb, 18 O.C.C. 780. Gassman v Kerns, 7 O.N.P. (n.s.) 626.**

In this case it seems perfectly clear that the defendant in the Municipal Court could have set up the defense of usury to the original action; if a judgment was obtained in the Municipal Court the plaintiff could have filed a motion or petition to vacate the judgment and tendered an answer with this defense. So that no matter what procedure was taken by the holder of this note and chattel mortgage, to collect the balance, plaintiff had an adequate remedy at law by way of defense to the action.

In view of these considerations, it is the opinion of a majority of this court that equitable relief should be denied, and accordingly a finding in this case is made for the defendants, and the restraining order is dissolved.

LIEGHLEY, PJ, and LEVINE, J, concur in judgment.